UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA ELY,

                Plaintiff,

v.

KAMAX COMPANY, et al.,

                Defendants.

_____/

CIVIL ACTION NO. 05-70749

DISTRICT JUDGE PAUL D. BORMAN

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.**   **RECOMMENDATION**:

I recommend that Defendants' Motion to Dismiss and/or Motion for Summary Judgment as to Individual Defendants be granted. Plaintiff's Title VII claims against individual defendants Ron Foster and Arlene Emmie should be dismissed. To the extent that plaintiff's Complaint may be construed as a defamation claim against defendant Arlene Emmie, the Complaint should be dismissed for failure to state a claim upon which relief may be granted. In the alternative, this court should decline to exercise supplemental jurisdiction over plaintiff's state law defamation claim.

**II.**   **REPORT**:

    **A.**   **Procedural History**

Plaintiff's application to proceed without prepayment of fees was granted on March 8, 2005. Her pro se Complaint was filed on the same date. An Answer by all defendants was filed on March 29, 2005.

Defendants' Motion to Dismiss and/or Motion for Summary Judgment as to Individual Defendants was filed March 29, 2005. On April 5, 2005, the district judge entered an Order

referring the case to the undersigned magistrate judge for All Pretrial Proceedings.  Plaintiff filed a response to the defendants' dispositive motion on April 20, 2005.  Defendants filed their reply on April 27, 2005.

The Motion to Dismiss and/or Motion for Summary Judgment as to Individual Defendants was brought on for hearing on June 1, 2005.

### B.   Applicable Law and Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a Complaint must be dismissed if it fails to state a claim upon which relief may be granted.  In assessing a Motion to Dismiss, the court "must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle [her] to relief."  Allard v. Weitzman, (In Re: DeLorean Motor Company), 991 F.2d 1236, 1239-40 (6th Cir. 1993) (citing Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990); see also, Conley v. Gibson, 355 U.S. 41 (1957).  "A Complaint need not set down in detail all the particulars of a plaintiff's claim, but must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996) (citations omitted).

Although the standard is liberal, it requires more than the bare assertion of legal conclusions.  In Re: DeLorean Motor Company, 991 F.2d at 1240; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1998).  The Complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable theory."  Scheid, 859 F.2d at 436 (quoting Car Carriers, Inc.

2

v. Ford Motor Company, 745 F.2d 1101, 1106 (7th Cir. 1984), cert. denied, 470 U.S. 1054 (1985) ).  In the context of a civil rights action, "conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim."  Lillard, 76 F.3d at 726.  A factual basis for the claim must be set forth in the pleadings.  Id.

Dismissal of Complaints brought under civil rights statutes are scrutinized with special attention.  Brooks v. State, 779 F.2d 1177, 1180 (6th Cir. 1985).  A pro se plaintiff's Complaint will be held to a less stringent standard than one drafted by an attorney.  Haynes v. Kurner, 404 U.S. 519, 520 (1972).  Nonetheless, the court will not engage in a guessing game in order to determine the nature of the claims asserted by a pro se litigant.  Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).  In addition, even valid constitutional or statutory claims must be asserted against persons or entities who may be properly held liable for the unlawful conduct alleged.

To prevail on a Motion for Summary Judgment, the moving party must meet the initial burden of showing an absence of any genuine issue of material fact as to an essential element of the non-moving party's case.  Celotex v. Catrett, 477 U.S. 317 (1986); Street v. J.C. Bradford and Company, 886 F.2d 1472, 1479 (6th Cir. 1989).  The burden then shifts to the non-moving party to demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  Celotex, 477 U.S. at 324-25.  The non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact.  Street, 886 F.2d at 1479.  "The non-moving party must come forward with specific facts showing there is a genuine issue for trial."  Matsushita Elec. Indus. Company v. Zenith Radio, 475 U.S. 586, 587 (1986).

In determining whether a genuine issue of material fact has been raised, the Court

must construe all inferences in favor of the non-moving party.  <u>Anderson v. Liberty Lobby,</u> <u>Inc.</u>, 477 U.S. 242, 257-58 (1986).  The inferences drawn must be justifiable or reasonable. <u>Anderson</u>, 477 U.S. at 255.  But, [n]ot every issue of fact or conflicting inference presents a genuine issue of material fact which requires the denial of a summary judgment motion. <u>Street</u>, 886 F.2d at 1477.  Rather, the Court may weigh competing inferences for their persuasiveness.  The non-moving party "must do more than show that there is some metaphysical doubt as to the material fact."  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  <u>Matsushita</u>, 475 U.S. at 586-87.

### C.   <u>Factual History</u>

The following statement of factual background is based upon the parties written submissions and the statements at the hearing on defendants' Motion to Dismiss and/or Motion for Summary Judgment as to Individual Defendants.

Plaintiff was placed as a temporary worker with defendant Kamax Company on September 1, 2002.  She was placed through the services of an employment agency, Adecco.  Her temporary worker status continued until December 17, 2004, on which date she was informed by Adecco that her assignment with Kamax had ended.  Adecco had been informed by Kamax supervisory personnel that plaintiff's services were no longer needed, based upon reports that plaintiff had been involved in a work place incident on December 16, 2004.

Plaintiff maintains that she performed her temporary work assignments in a satisfactory manner.  She asserts that, on December 16, 2004, a dispute arose between two Kamax employees.  Plaintiff avers that she "intervened and tried to calm one of the

4

parties down." She claims that coworker and defendant, Arlene Emmie, when asked for an account of the incident by defendant Ron Foster, "falsely accused [plaintiff] of being involved."

Plaintiff claims that she was wrongly terminated. She lists in her Complaint six unrelated examples of work place discord involving other employees at Kamax which did not result in their termination. In addition to her wrongful discharge claim, plaintiff alleges that she was denied full time employee status based on her race and/or skin color. She claims that a position which had been promised to her was awarded instead to a Caucasian male with less seniority. She also asserts that no full time employment in her classification had been offered to an African American for more than one year.

**D.    <u>Analysis</u>**

The motion under consideration relates solely to plaintiff's claims against individual defendants Arlene Emmie and Ron Foster. Her wrongful discharge and discriminatory hiring claims against defendant Kamax Company are not addressed. Based upon my review of the parties' written submissions, and my consideration of the arguments at the hearing, I am persuaded that defendants' motion should be granted, and that the plaintiff's claims against the individual defendants must be dismissed.

Title VII renders it unlawful for an "employer" to discriminate on the basis of race, color, religion, sex, or national origin. 42 U.S.C. §2000e-2(a). An employee subjected to such discrimination may bring a civil action against the "employer". 42 U.S.C. §2000e-5(b). The Act defines "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees . . . <u>and any agent of such person</u>." 42 U.S.C. §2000e(b) (emphasis added). The Act contains no definition of the term "agent." The term has been

5

judicially determined to denote "an individual who 'serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment.'" Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 803 (6th Cir. 1994) (quoting Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir. 1993)).

In the case before this court, plaintiff Ely, an African American female, has asserted Title VII claims of race and color discrimination against Kamax L.P. (designated in the pleadings as Kamax Co.), and two individual Kamax employees. The two individual defendants are Ron Foster, described in the Complaint as a Kamax supervisor, and Arlene Emmie, a co-worker of the plaintiff.

A number of federal courts have considered the proper meaning of the term "agent" in the context of Title VII. In Wathen v. General Electric Company, 115 F.3d 400 (6th Cir. 1997), the United States Court of Appeals for the Sixth Circuit addressed the question of whether Congress intended to provide for individual employee/supervisor liability under Title VII. While conceding that a literal interpretation of the language in the act "does imply that an employer's agent is a statutory employer for purposes of liability," the court reached a contrary conclusion. After considering the language, statutory scheme and remedial provisions of the act, the court held that an individual employee/supervisor, who does not otherwise qualify as an "employer," may not be held personally liable under Title VII. 1115 F.3d, at 404-05. The decision noted that a majority of the other circuit courts of appeal that had addressed the issue reached a similar conclusion. The holding in Wathen remains the law in this circuit. Nothing in plaintiff's Complaint, her response to the Defendants' Motion for Partial Summary Judgment, or her argument at the hearing, has demonstrated that defendants Foster and Emmie would otherwise qualify as "employers" under the Act.

6

Accordingly, plaintiff's Title VII claims against them should be dismissed.

Plaintiff's Complaint also asserts a defamation claim against defendant Emmie.  The form Complaint alleges "defamation of my character - slanderous rumors to my supervisor (Ron Foster) causing my termination of employment.  False accusations rumors."  In her written statement accompanying the Complaint, plaintiff stated that an "incident between two employees" took place on December 16, 2004.  Plaintiff "intervened and tried to calm one of the involved parties down."  Plaintiff further states that "Arlene Emmie, who was also working at that time, was asked about the situation by Ron Foster," and "falsely accused [plaintiff] of being involved."

Defendant Emmie asserts in her Motion for Partial Summary Judgment that the Complaint fails to state a cause of action, because plaintiff has failed in her burden of pleading defamation with the necessary particularity.  I agree.  In Michigan, a claim of defamation must include the following elements: 1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged publication to a third party; 3) fault amounting to at least negligence on the part of the publisher; and 4) either actionability of the statements irrespective of special harm, or the existence of special harm caused by the publication.  Northland Wheels Rollerskating Center, Inc. v. Detroit Free Press, Inc., 213 Mich. App. 317, 323 (1995).  Each of the essential elements must be "specifically pleaded, including the allegations with respect to the defamatory words, the connection between the plaintiff and the defamatory words, and the publication of the defamatory words."  Gonyea v. Motor Parts Federal Credit Union, 192 Mich. App. 74 (1991) (citing Ledl v. Quik Pik Food Stores, Inc., 133 Mich. App. 583, 589 (1984)).  I agree with defendant's assertion that plaintiff's Complaint in this instance fails to meet the particularity requirements essential to

7

a defamation claim.  Plaintiff's written response to the Motion for Summary Judgment does not address the legal arguments advanced.

At the hearing on defendant's motion, plaintiff was asked to repeat the specific statements of defendant Emmie which were allegedly defamatory.  In response, Ms. Ely stated that the defendant had said she (plaintiff) was "acting childishly" and "shouldn't have intervened."  Plaintiff accused Emmie of stating on other occasions that she "didn't care for (plaintiff)," but no other allegedly defamatory statements were identified.

In establishing a cause of action for defamation, a plaintiff must present evidence to show that the defendant made a false and defamatory statement concerning the plaintiff.  Ireland v. Edwards, 230 Mich. App. 607, 614 (1998).  "If a statement cannot be reasonably interpreted as stating actual facts about the plaintiff, it is protected by the First Amendment."  Id., at 614 (citing Milkovich v. Lorain Journal Co., 110 S.Ct. 2695 (1990); and Garvelink v. Detroit News, 206 Mich. App. 604, 608-09 (1994)).  A statement must be provably false to constitute defamation, and a subjective assertion, on the other hand, is not actionable.  Nastase v. Guido, 2005 W.L. 1279985 (Mich. App.) (citing Ireland, supra at 616).  Whether plaintiff should have become involved in the workplace incident, and whether or not she was acting "childishly" are clearly matters of subjective opinion and are not objectively provable as false.  A court may decide as a matter of law whether a statement is actually capable of defamatory meaning.  Sawabini v. Desenberg, 143 Mich. App. 373, 379 (1985).  Where no such meaning is possible, summary judgment is appropriate.

Ordinarily, a pro se plaintiff whose complaint fails to state a claim should be given an opportunity to amend her claim.  Based upon the specific statements attributed to Emmie by plaintiff at the hearing, however, I conclude that amendment of the defamation claim would be futile.  Accordingly, the defamation claim against Emmie should be dismissed.

For all of the above reasons, I recommend that Defendants' Motion to Dismiss and/or Motion for Summary Judgment as to Individual Defendants be granted.

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages

in length unless by motion and order such page limit is extended by the Court.  The

response shall address specifically, and in the same order raised, each issue contained

within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: June 22, 2005

_____

## CERTIFICATE OF SERVICE

      I hereby certify on June 22, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 22, 2005.  **Monica Ely.**

s/Michael E. Lang      <br>
Deputy Clerk to<br>
Magistrate Judge Donald A. Scheer<br>
(313) 234-5217